Eugene P. Ramirez (State Bar No. 134865)
*epr@manningllp.com*
Lynn Carpenter (State Bar No. 310011)
*llc@manningllp.com*
Steven A. McNicholl (State Bar No. 323191)
*sam@manningllp.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendants COUNTY OF SAN BERNARDINO and SHERIFF JOHN MCMAHON

MANNING & KASS ELLROD, RAMIREZ, TRESTER LLP ATTORNEYS AT LAW

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION**

JUAN BOGARIAN, PEARL OSUNA, Individually, and as Successors in Interest to JAKOB OSUNA.

Plaintiffs,

v.

COUNTY OF SAN BERNARDINO, a legal subdivision of the State of California; SHERIFF JOHN MCMAHON, and DOES 1 through 10, inclusive,

Defendants.

Case No.

**NOTICE OF REMOVAL OF ACTION BY DEFENDANTS PURSUANT TO 28 U.S.C. § 1441(a) (FEDERAL QUESTION)**

**To the Clerk and Honorable Judges of the United States District Court for the Central District of California:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. § 1441(a), Defendants COUNTY OF SAN BERNARDINO and SHERIFF JOHN MCMAHON remove to this Court the state court action described below:

///

**STATE COURT ACTION**

1. On July 9, 2021, an action was commenced in the Superior Court of the State of California, County of San Bernardino, entitled *Juan Bogarin, et al. v. County of San Bernardino, et al.*, state case number CIVSB2119808. This initial Complaint, which is the operative Complaint in the action, named as Defendants the County of San Bernardino and Sheriff John McMahon (collectively "Defendants").

2. The Complaint alleges seven (7) causes of action, including civil rights violations pursuant to 42 U.S.C. § 1983.

**RECORD FROM STATE COURT**

3. A true and correct copy of the conformed Complaint that was filed on July 9, 2021 and served on the Defendants on August 19, 2021 for this state court action is attached herewith as Exhibit A.

4. A true and correct copy of the conformed Summons that was filed on July 9, 2021 and served on the Defendants on August 19, 2021 for this state court action is attached herewith as Exhibit B.

5. A true and correct copy of the conformed Civil Case Cover Sheet for this state court action is attached herewith as Exhibit C.

6. A true and correct copy of the conformed Notice of Case Assignment and Notice of Trial Setting Conference Unlimited Civil Case for this state court action is attached herewith as Exhibit D.

7. A true and correct copy of the Answer of Defendants is attached herewith as Exhibit E.

**TIMELINESS OF NOTICE OF REMOVAL**

8. The Defendants were personally served on August 19, 2021. The 30-day removal period under 28 U.S.C. § 1446(b)(1) runs from this service date. Since the service date was August 19, 2021, the 30-day removal period ends on September 20, 2021. Therefore, this removal notice is timely, as it is being filed on or before September 8, 2021.

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

## REMOVAL JURISDICTION

9. Plaintiffs' Complaint included federal law claims under 42 U.S.C. § 1983 against all defendants. These federal claims appear in counts 1 through 4 of the Complaint. (Ex. A, ¶¶27-65.) Specifically, count 1 invokes 42 U.S.C. § 1983 and alleges that Defendant Doe Deputies 1 through 10 acted under the color of state law and used unreasonable and excessive deadly force and violated the Constitutional Rights of Decedent. (*Id.*, ¶¶29-34.) In count 2, Plaintiffs allege due process claims under the Fourteenth Amendment to the United State Constitution and pursuant to 42 U.S.C. § 1983. (*Id.*, ¶¶35-42.) Count 3 and 4 claims that all Defendants failed to properly train, supervise, and discipline Defendant Officers, as well as ratified their actions and maintained unconstitutional policy, invoking 42 U.S.C. § 1983. (*Id.*, ¶¶43-47.)

10. These federal claims are causes of actions over which this Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1343(a)(3). The action is therefore subject to removal to this Court pursuant to 28 U.S.C. § 1441(a).

11. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a). The state law claims are based on the same alleged events and transactions that are raised by Plaintiffs in support of their claims that arise under the federal constitution and federal statute. (Ex. A, ¶¶18-26.)

## VENUE

12. The state action was filed in the San Bernardino County Superior Court. The primary events giving arise to the action are alleged to have occurred in the County of San Bernardino. Defendant County of San Bernardino transacts business in the County of San Bernardino. Therefore, venue in the Eastern Division of this Court is proper pursuant to 28 U.S.C. §§ 84(c)(2) and 1391(b).

///

**RELATED CASES**

13. To the best of Defendants' knowledge, there are no related cases pending in this Court.

**JOINDER/CONSENT BY OTHER DEFENDANTS IN REMOVAL**

14. As undersigned counsel represents Defendants County of San Bernardino and Sheriff John McMahon, all consent to this removal. (See 42 U.S.C. 1446(b)(2)(C).

**NOTIFICATION TO ADVERSE PARTY**

15. This Notice of Removal will be promptly served on Plaintiffs (through their attorney of record) and a copy of the same will be filed with the Clerk of the Superior Court of the State of California, County of San Bernardino.

**CONCLUSION**

Accordingly, this action is subject to removal from state to federal court, and Defendants County of San Bernardino and Sheriff John McMahon respectfully request that this civil action be removed from the Superior Court of the State of California, County of San Bernardino, to the Eastern Division of the United States District Court for the Central District of California.

DATED: September 8, 2021

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**

By: /s/ Steven McNicholl

Eugene P. Ramirez
Lynn Carpenter
Steven McNicholl
Attorneys for Defendants COUNTY OF SAN BERNARDINO and SHERIFF JOHN MCMAHON

MANNING & KASS ELLROD, RAMIREZ, TRESTER LLP ATTORNEYS AT LAW

# EXHIBIT A

Humberto M. Guizar, Esq., (SBN 125769)
*hguizar@ghclegal.com*
Kent M. Henderson, Esq., (SBN 139530)
*hendolaw@gmail.com*
Angel Carrazco, Esq., (SBN 230845)
*angel@carrazcolawapc.com*
Christian Contreras, Esq., (SBN 330269)
*ccontreras@ghclegal.com*
**GUIZAR, HENDERSON & CARRAZCO, L.L.P.**
3500 W. Beverly Blvd.,
Montebello, California 90640
Telephone: (323) 725-1151
Facsimile: (323) 597-0101

Attorneys for Plaintiffs, JUAN BOGARIAN, PEARL OSUNA Individually, and as Successors in Interest To JAKOB OSUNA

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT
JUL - 9 2021
BY Anne Perry
ANNE PERRY, DEPUTY

CLERK OF THE BOARD OF SUPERVISORS
2021 AUG 19 PM 3:00
COUNTY OF SAN BERNARDINO CALIFORNIA

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN BERNARDINO

JUAN BOGARIAN, PEARL OSUNA Individually, and as Successors in Interest to JAKOB OSUNA,

Plaintiffs,

v.

COUNTY OF SAN BERNARDINO, a legal subdivision of the State of California; SHERIFF JOHN MCMAHON, and DOES 1 through 10, inclusive,

Defendants.

**CASE NO:** CIV SB 2119800

**COMPLAINT FOR DAMAGES**

1. Unreasonable Search and Seizure—Excessive Force and Denial of Medical Care (42 U.S.C. § 1983);
2. Substantive Due Process (42 U.S.C. § 1983);
3. Supervisory Liability Causing Constitutional Violations (42 U.S.C. § 1983);
4. Municipal Liability for Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983);
5. Battery (Wrongful Death);
6. Negligence (Wrongful Death);
7. Violation of Section 52.1 of The California Civil Code (Tom Bane Act Violation)

**DEMAND FOR JURY TRIAL**

FAXED

Exhibit A, Page 000007

## COMPLAINT FOR DAMAGES

1. Plaintiffs JUAN BOGARIAN, and PEARL OSUNA individually, and as successors in interest to JAKOB OSUNA ("hereinafter "JAKOB OSUNA„ or "DECEDENT„) bring this action against the COUNTY OF SAN BERNARDINO, (hereinafter also referred to as "COUNTY„), and DOES 1 THROUGH 10, inclusive and allege as follows:

## PRELIMINARY ALLEGATIONS

2. This action seeks compensatory and punitive damages from individual deputy sheriffs, from senior sheriff's department officials, and from the County of San Bernardino for violations state law and fundamental rights under the United States Constitution in connection with the brutal police shooting and killing of JAKOB OSUNA on September 28, 2020. Decedent JAKOB OSUNA was shot dead by Defendants, SAN BERNARDINO COUNTY SHERIFF'S DEPARTMENT (hereinafter also referred to as "SBSD„) Deputies DOES 1 through 5 on September 28, 2020, in Victorville.

3. Sheriff JOHN MCMAHON and other SBSD and COUNTY officials have adopted and ratified a culture in which individual deputies and their supervisors turn a blind eye when SBSD deputy misconduct occurs that results in the death or cause of serious injuries to civilians. MCMAHON and other SBSD officials have openly and systemically ratified the unlawful use of deadly force by sheriff deputies by adopting fabricated deputy accounts of said shooting. MCMAHON and other SBSD officials have intentionally obstructed justice by intentionally delaying Homicide Investigation and Internal Affairs Investigations of sheriff deputy shootings, and further obstructing investigations by San Bernardino County District Attorney. There have been multiple shootings by SBSD Deputies who shoot and kill individuals who are unarmed at the time of the officer involved shooting, including from 2010 through the date of the shooting of Decedent JAKOB OSUNA. From at least 2010 through the date of the shooting of Decedent JAKOB OSUNA, Defendants

COUNTY and its sheriff's department, SBSD, have maintained a custom, policy and practice in which sheriff Deputies are permitted to shoot persons who are visibly unarmed and in which the Sheriff Deputies are not fired or disciplined for such unjustified shootings, and instead promoted, thereby condoning this practice. These actions by COUNTY management and MCMAHON clearly demonstrate there is an unwritten policy of condoning the existence of the unlawful use of deadly force on civilians, which was the moving force in the shooting of Decedent JAKOB OSUNA on September 28, 2020.

4. The policies and customs behind shootings of unarmed civilians such as JAKOB OSUNA are fundamentally unconstitutional and constitute a menace of major proportions to the public and the neighborhood throughout the County of San Bernardino that COUNTY deputies are charged with protecting and serving.

5. Accordingly, Plaintiffs herein seeks to hold accountable those individuals responsible for the killing of JAKOB OSUNA and to challenge the County's unconstitutional policies and practices, this civil rights action is firmly in the public interest.

## PARTIES

6. At all relevant times up until his death, JAKOB OSUNA was an individual residing in the County of San Bernardino, California.

7. Plaintiff JUAN BOGARIAN is an individual residing in the County of San Bernardino, California, and is the father of Decedent JAKOB OSUNA. Plaintiff PEARL OSUNA, is an individual residing in the County of San Bernardino, California and is the mother of Decedent JAKOB OSUNA. Plaintiffs JUAN BOGARIAN and PEARL OSUNA sue in their individual capacities as parents of the DECEDENT, and in a representative capacity as successors-in-interest to Decedent and THE ESTATE OF JAKOB OSUNA pursuant to California C.C.P. Section 377.32. Plaintiffs JUAN BOGARIAN and PEARL OSUNA are the lawful "heirs at law,, (C.C.P. Section 373.60, wrongful death) and "successors-in-interest,, (C.C.P. Section

377.30, survival) to Decedent JAKOB OSUNA. Plaintiffs seek both wrongful death and survival damages under federal and state law. Furthermore, Plaintiffs seek all damages available under federal and state law including under C.C.P. Section 373.60 (wrongful death); C.C.P. Section 373.30 (survival) and under federal law for wrongful death and survival. The damages sought by Plaintiffs for the death of their son, JAKOB OSUNA, include for loss of DECEDENT's love, companionship, comfort, care, assistance, protection, affection, society, moral support; loss of financial support and earning capacity; loss of gifts and benefits; funeral and burial expenses; loss of relationship with Decedent, including loss of society and companionship and the mental, physical and emotional pain and suffering of Decedent and all other damages allowed under federal and state law. Plaintiffs the ESTATE OF JAKOB OSUNA appear through its successors-in-interest, the Plaintiffs JUAN BOGARIAN and PEARL OSUNA.

8.     Defendant COUNTY is a chartered subdivision of the State of California with the capacity to sue and be sued. Defendant COUNTY is responsible for the actions, omissions, policies, procedures, practices and customs of its various agents and agencies, including the SBSD, and its agents and employees. At all times relevant to the facts alleged herein, Defendant COUNTY was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of the SBSD and its employees and agents complied with the laws and the Constitution of the United States and of the State of California.

9.     Defendant JOHN MCMAHON is, at all times mentioned herein, and on or about December 19, 2019, the Sheriff of San Bernardino County Sheriff's Department. MCMAHON was charged by law and was responsible with the administration of the SBSD and its employees, and for the supervision, training and hiring of persons, agents and employees working within said SBSD, including officers, deputies, defendants Does 1 Through 10, inclusive. Sheriff MCMAHON is sued in his personal and individual capacity as a supervisory official for his own

culpable action or inaction in the training, supervision, or control of his subordinates, or for his acquiescence in the constitutional deprivations which this Complaint alleges, or for conduct that showed a reckless or callous indifference to the rights of others. Sheriff MCMAHON's affirmative conduct involves his failure to ensure enforcement of policies, rules, or directives that set-in motion a series of acts by others which he knew or reasonably should have known, would cause others to inflict the constitutional injury.

10. At all relevant times, defendants Does 1 Through 10 were employees. of the SBSD. At all times relevant, defendants Does 1 Through 10 were an employee and/or agent of defendant COUNTY and each of these individual defendants acted under color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs, and usages of Defendant COUNTY and the SBSD, as well as under the color of the statutes and regulations of the State of California.

11. Defendants MCMAHON and Does 1 Through 10 are sued in their individual capacities for damages only.

12. In doing the acts and failing and omitting to act as hereinafter described, defendants Does 1 Through 10 were acting on the implied and actual permission and consent of COUNTY and MCMAHON.

13. The true names of defendants Does 1 Through 10, inclusive, are unknown to Plaintiffs, who therefore sues these defendants by such fictitious names. Plaintiffs will seek leave to amend this complaint to show the true names and capacities of these defendants when they have been ascertained. Each of the fictitious named defendants is responsible in some manner for the conduct and liabilities alleged herein.

14. At all times relevant to the facts alleged herein, Defendants, including Does are responsible for the unlawful conduct and resulting by, inter alia, personally participating in the conduct, or acting jointly and in concert with others who did so by authorizing, acquiescing, condoning, acting, omitting or failing to take action to

prevent the unlawful conduct by promulgating or failing to promulgate policies and procedures pursuant to which the unlawful conduct occurred; by failing and refusing, with deliberate indifference to Plaintiffs' rights, to initiate and maintain adequate supervision, security, training, compliance with responsibilities and duties, and staffing; by failing to maintain proper and adequate policies, procedures and protocols; and by ratifying and condoning the unlawful conduct performed by agents and officers, deputies, and employees under their direction and control.

15. Whenever and wherever reference is made in this Complaint to any act by Defendants and Doe Defendants, such allegations and references shall also be deemed to mean the acts and failures to act of each Defendants individually, jointly or severally.

## JURISDICTION AND VENUE

16. This action was properly filed in the San Bernardino Superior Court, Central District, as it is a wrongful death case and seeks remedies under state law for the personal injuries suffered by the Decedent, JAKOB OSUNA, as well as his father, Plaintiff JUAN BOGARIAN and mother, PEARL OSUNA. Furthermore, this civil action is brought by Plaintiffs JUAN BOGARIAN and PEARL OSUNA for the redress of alleged depravations of constitutional rights as protected by 42 U.S.C. §§ 1983, 1985, 1986, 1988, the Fourth and Fourteenth Amendment of the United States Constitution, and the California Constitution. Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

17. Venue is proper in this Court because defendants reside in, and in all incidents, events, and occurrences giving rise to this action occurred in, the County of San Bernardino, California. Plaintiffs herein timely and properly filed tort claims pursuant to Cal. Gov. Code § 910 et seq., and this action is timely filed within all applicable statutes of limitations.

///

///

**FACTUAL ALLEGATIONS**

18. Plaintiffs repeat and re-alleges each allegation in all the preceding paragraphs of this Complaint with same force and effect as if fully set forth herein.

19. On September 28, 2020, at approximately11:18 p.m., JAKOB OSUNA was driving a four-door silver sedan with 4 passengers in the car. 2 females and 2 males. The passengers were all minors at the time. San Bernardino Sheriff deputies initiated a traffic stop an alleged traffic violation. They turned on the lights and sirens at Luna Road and Pacific Terrace. JAKOB OSUNA did not stop because he was frightened of the possibility of going to jail. After a short pursuit he lost control of the vehicle and collided at the 2600 block of Stagecoach Drive. The passengers jumped out of the car. JAKOB OSUNA also jumped out, but he fell to the ground. He was shot while he was on the ground and a gun was recovered. The witnesses state he did not have a gun on him when the deputy shot him. It was one deputy that fired.

20. When JAKOB OSUNA surrendered, he was not a threat, and he was unarmed thereby posing no danger nor imminent threat to anyone.

21. JAKOB OSUNA sustained injuries, pain, and suffering, and death when he was shot dead by Defendants Does 1-10, who were acting under color of law, in their individual and official capacities and as employee of COUNTY/SBSD. The deadly force that was used by Defendants Does 1-10, was unreasonable, excessive deadly force.

22. Upon information and belief, after being shot, DECEDENT collapsed, became immobile, and was bleeding profusely in obvious critical need of immediate emergency care and treatment. Instead of immediately providing or facilitating emergency care and treatment, DECEDENT's need for immediate medical care was ignored. Defendants DOES 1 through 10, inclusive did not timely summon medical care or permit medical personnel to treat DECEDENT. The delay of medical care to DECEDENT caused DECEDENT extreme physical and emotional pain and

suffering and was a contributing cause of Decedent's death. JAKOB OSUNA died at the scene of the shooting.

23. Both prior to and during the time in which Plaintiffs was shot at by Defendants Does 1-10, Plaintiffs, JAKOB OSUNA made no aggressive movements, no furtive gestures, and no physical movements which would suggest to a reasonable officer that the DECEDENT was armed with any kind of weapon, or had the will, or the ability to inflict substantial bodily harm against any individual, any deputy, or any member of the public.

24. Upon information and belief, Defendants and DOE Deputies 1-10 did not warn Decedent they were about to shoot him.

25. As a result of DEFENDANTS' conduct, stated above, Plaintiffs are entitled to damages.

26. The conduct defendants DOES 1-10 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Plaintiffs and therefore warrants the imposition of exemplary and punitive damages against each individual Defendant.

**<u>FIRST CAUSE OF ACTION</u>**

**FOR UNREASONABLE SEARCH AND SEIZURE — UNREASONABLE AND/OR EXCESSIVE FORCE & DENIAL OF MEDICAL CARE**

**(42 U.S.C. § 1983)**

**(By Plaintiffs JUAN BOGARIAN and PEARL OSUNA Against Defendants Individual Doe Deputies, And Does 1 Through 10)**

27. Plaintiffs repeat and re-allege each allegation in all the preceding paragraphs of this Complaint with same force and effect as if fully set forth herein.

28. The shooting of Decedent JAKOB OSUNA by Defendants Does 1-10 deprived DECEDENT of his right to be secure in his person against unreasonable searches and seizures as guaranteed to DECEDENT under the Fourth Amendment to

the United States Constitution and applied to state actors by the Fourteenth Amendment.

29. On September 28, 2020, Defendants Does 1-10 acting in their individual and/or representative capacity, in the course and scope of their employment with Defendant SBSD, acting under color of law, used unreasonable and excessive deadly force and violated the Constitutional Rights of DECEDENT when they shot and killed DECEDENT. JAKOB OSUNA who did not present an imminent threat of death or serious bodily injury, and the deadly force used by Defendants was objectively unreasonable and therefore in violation of 42 U.S.C. Section 1983.

30. The foundation of the Fourth Amendment is reasonableness, the deadly force used on DECEDENT was fundamentally unreasonable and in violation of DECEDENT's Fourth Amendment right to be secure in his person against an unreasonable searches and seizures.

31. By virtue of their misconduct, Defendants Does 1 through 10, inclusive are liable for DECEDENT's tragic death, either because these Defendants were integral participants in the use of deadly and excessive force, or because they failed to intervene to prevent these violations.

32. Furthermore, Defendants Does 1 through 10, inclusive knew that failure to provide timely medical treatment to DECEDENT could result in further significant injury or the unnecessary and wanton infliction of pain, but nevertheless disregarded his serious medical needs, causing him great bodily harm, physical and emotional pain and suffering, and death.

33. This use of deadly force by Defendants was excessive and objectively unreasonable under the circumstances. Defendants' actions thus deprived DECEDENT of his right to be free from unreasonable searches and seizures under the Fourth Amendment and applied to state actors by the Fourteenth Amendment.

34. The conduct of Defendants Does 1 through 10, inclusive was willful, wanton, malicious, and done with reckless disregard for the rights and safety of

DECEDENT and therefore warrants the imposition of exemplary and punitive damages as to Defendants Does 1 through 10, inclusive.

**SECOND CAUSE OF ACTION**

**FOR VIOLATION OF SUBSTANTIVE DUE PROCESS**

**(42 U.S.C. § 1983)**

**(By Plaintiffs JUAN BOGARIAN and PEARL OSUNA, Individually, Against Individual Doe Deputies and Defendants Does 1 Through 10)**

35. Plaintiffs repeats and re-alleges each allegation in all the preceding paragraphs of this Complaint with same force and effect as if fully set forth herein.

36. Plaintiffs JUAN BOGARIAN and PEARL OSUNA, as the biological father and biological mother of Decedent JAKOB OSUNA, had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive them life, liberty, or property in such a manner as to shock the conscience by being deliberately indifferent to the constitutional rights of the JAKOB OSUNA and/or by being a purpose to harm unrelated to any legitimate law enforcement objective, including but not limited to unwarranted state interference in Plaintiffs' familial relationship with their son, Decedent JAKOB OSUNA.

37. Decedent JAKOB OSUNA had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that would deprive him of life, liberty, or property in such a manner as to shock the conscience by being deliberately indifferent to the constitutional rights of the DECEDENT and/or by being a purpose to harm unrelated to any legitimate law enforcement objective.

38. The aforementioned actions of Defendants Does 1 through 10, inclusive, along with other undiscovered conduct, violated the Due Process Clause of the Fourteenth Amendment, shocked the conscience, and interfered with the familial relationship of DECEDENT and Plaintiffs, in that said Defendants had time to

deliberate and then used deadly force that shocks the conscience and with a purpose to harm unrelated to any legitimate law enforcement objective in violation of 42 U.S.C. Section 1983 in violation of the constitutional rights of DECEDENT and Plaintiffs.

39. Defendants Does 1 through 10, inclusive, thus violated the substantive due process rights of Plaintiffs to be free from unwarranted interference with their familial relationship with DECEDENT.

40. As a direct and proximate result of the actions of Defendants, Plaintiffs JUAN BOGARIAN and YURIDIA DOLORES suffered the loss of their beloved son, DECEDENT JAKOB OSUNA, including damages for the loss of DECEDENT's life-long love, companionship, comfort, care, assistance, protection, affection, society, moral support; loss of financial support, sustenance and earning capacity; loss of gifts and benefits; funeral and burial expenses; loss of the reasonable value of household services; loss of relationship with DECEDENT, including loss of society and companionship.

41. As a direct and proximate result of the actions of Defendants, Plaintiffs JUAN BOGARIAN and YURIDIA DOLORES as successors in interest to the ESTATE OF DECEDENT JAKOB OSUNA, also claim as damages the loss of the value and enjoyment of the life of JAKOB OSUNA to himself in that his life was cut short by Defendants and DECEDENT JAKOB OSUNA was an otherwise healthy 25-year-old man who had approximately 59 years of remaining life expectancy at the time of his death. Plaintiffs JUAN BOGARIAN and YURIDIA DOLORES by this action, further claim all of Plaintiffs' attorneys' fees and costs incurred and to be incurred in Plaintiffs presenting, maintaining and prosecuting this action under 42 U.S.C. Section 1988.

42. The conduct of Does 1 through 10, inclusive, was willful, wanton, malicious, and done with reckless disregard for the rights and safety of DECEDENT

and Plaintiffs and therefore warrants the imposition of exemplary and punitive damages as to Does 1 through 10, inclusive.

**THIRD CAUSE OF ACTION**

**SUPERVISORY LIABILITY CAUSING CONSTITUTIONAL VIOLATIONS**

**(42 U.S.C. § 1983)**

**(By Plaintiffs JUAN BOGARIAN and PEARL OSUNA As Successors In Interest to JAKOB OSUNA Jr. Against Defendants JOHN MCMAHON, in his Individual Capacity, and Does 6-10)**

43. Plaintiffs repeat and re-allege each allegation in all the preceding paragraphs of this Complaint with same force and effect as if fully set forth herein.

44. DOES 6-10 are sued in their capacity as supervisor officers and line officers on duty at the time of this incident, and for their ongoing duties and responsibilities as supervisors responsible for the safety of deputies at the San Bernardino Sheriff' Station and the civilians in the San Bernardino community they are required to serve and protect.

45. Sheriff MCMAHON is sued in his individual capacity. MCMAHON ratified, knew or reasonably could have known, of his subordinates' ongoing constitutional violations as set forth above.

46. As a result, MCMAHON is liable in his individual capacity by virtue of his personal knowledge or constructive knowledge of approving settlements and claims, being the recipient of weekly reports from his subordinates responsible for reporting deputy involved shootings and injuries caused by COUNTY OF SAN BERNARDINO deputies, receiving information in oral and written form to the MCMAHON, knowledge that there is a custom of deputies being careless, deliberately indifferent to the constitutional rights of civilians which has become well settled and widespread that MCMAHON, the policymaking officials of the municipality can be said to have either actual or constructive knowledge of it yet did nothing to end the practice of Deputies' failure to prevent constitutional violations.

MCMAHON's inaction to investigate, re-train, reprimand or request disciplinary action of the involved deputies is acquiescence in the unconstitutional conduct and constitutes a custom and practice and is the moving force of Plaintiffs' injuries, for which the Sheriff, MCMAHON, is liable. MCMAHON delegated to subordinates his non-delegated statutory duties and responsibilities as the policy maker and his non-delegated duty to supervise and hold his subordinates accountable and failed to take corrective measures to ensure that his subordinates were complying with their duties and responsibilities to prevent ongoing constitutional violations.

47. As a result of Defendants MCMAHON's actions and/or inactions and/or policies are themselves a repudiation of constitutional rights and are the "moving force of the Constitutional violations, and the above policies, practices and customs were in force on or about September 28, 2020, and was the moving force of Deputy Does 1-10 unconstitutional conduct and with deliberate indifference to Plaintiffs' rights.

**FOURTH CAUSE OF ACTION**

**MUNICIPAL LIABILITY FOR UNCONSTITUTIONAL CUSTOM OR POLICY (42 U.S.C. § 1983)**

**(By Plaintiffs JUAN BOGARIAN and PEARL OSUNA, Individually and As Successors In Interest to JAKOB OSUNA Jr., Against Defendants Sheriff MCMAHON and County of San Bernardino, and Does 6-10)**

48. Plaintiffs repeats and re-alleges each allegation in all the preceding paragraphs of this Complaint with same force and effect as if fully set forth herein.

49. On information and belief, the Defendants Does 1 through 10, unjustified shooting of DECEDENT was found to be within COUNTY policy.

50. On information and belief, Defendants Does 1 through 10, inclusive, unjustified shooting of DECEDENT was ratified by Sheriff MCMAHON and SBSD supervisorial officials.

51. On information and belief, Defendants Does 1 through 10, inclusive, were not disciplined for the unjustified shooting of DECEDENT.

52. On and for some time prior to September 28, 2020 (and continuing to the present date), Defendants COUNTY, MCMAHON , and DOES 1-10, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of Plaintiffs and DECEDENT, and of persons in their class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized custom, policy, and practice of:

A. Employing and retaining as deputy sheriffs and other personnel, including Defendants Does 1-10 at all times material herein knew or reasonably should have known had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written SBSD policies, including the use of excessive force;

B. Of inadequately supervising, training, controlling, assigning, and disciplining COUNTY employees and other personnel, including Defendants Does 1-10, whom Defendants COUNTY, SBSD, Sheriff MCMAHON, and Does 1-10 knew or in the exercise of reasonable care should have known had the aforementioned propensities and character traits, including the propensity for violence and the use of excessive force;

C. By maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct by Defendants Does 1-10, who are deputies and/or agents of COUNTY and SBSD;

D. By failing to discipline COUNTY deputies' and/or agents' conduct, including but not limited to, unlawful detention and excessive force;

E. By ratifying the intentional misconduct of Defendants Does 1-10, and other COUNTY deputies and/ or agents, who are COUNTY deputies and/or agents of COUNTY.

F. By having and maintaining an unconstitutional policy, custom, and practice of detaining and arresting individuals without probable cause or reasonable suspicion, and using excessive force, including deadly force, which also is demonstrated by inadequate training regarding these subjects. The policies, customs, and practices of Defendants Sheriff MCMAHON, COUNTY and Does 1-10 were maintained with a deliberate indifference to individuals' safety and rights;

and

G. By failing to properly investigate claims of unlawful detention and excessive force by SBSD deputies.

53. By reason of the policies and practices of Defendants Sheriff MCMAHON, COUNTY, SBSD, and DOES 1-10, DECEDENT was severely injured and subjected to pain and suffering and ultimately, lost his life. The aforementioned policies and practices of Defendants, including the custom, policy and practice of Defendant COUNTY in allowing its deputies to use unjustified, excessive and unreasonable deadly force in shooting unarmed persons who had fired no shots with no punishment for the involved deputies was a moving force that caused Defendants Does 1-10 to use unreasonable deadly force on DECEDENT, who was also unarmed and fired no shots at Defendants nor otherwise, presented an imminent danger to Defendants or others.

54. Defendants Sheriff MCMAHON, COUNTY and DOES 1-10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge as stated above, these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Decedent, Plaintiffs, and other individuals similarly situated.

55. By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendants Does 1-10 acted with intentional, reckless, and callous disregard for the life of Decedent and for Decedent's and Plaintiffs' constitutional rights. Furthermore, the policies, practices, and customs implemented, maintained, and still tolerated by Defendants COUNTY and Does 1-10 were affirmatively linked to and were a significantly influential force behind the injuries of DECEDENT and Plaintiffs.

56. Moreover, on information and belief, there knowingly exists a secret group, society, fraternity, clique, and/or gang of deputies in the COUNTY which encourages, condones, ratifies, and/or otherwise turns a blind eye to acts of violence and other police misconduct against citizens, especially citizens of color as demonstrated in the subject incident.

57. At all times herein mentioned, Defendants, Sheriff MCMAHON and County of San Bernardino (COUNTY) established a custom and practice of excessive use of force within its Sheriff's Department (SBSD) by Sheriff MCMAHON and by the Supervisors at the station level and by an informal custom with the ranks of the Deputies.

58. JAKOB OSUNA was shot and killed on September 28, 2020. During the time Sheriff MCMAHON, Defendant County of San Bernardino and the SBSD has instituted formal and informal policies and practices that condone excessive use of force shootings and do not discipline Deputies who shoot unarmed persons. The toleration of the shooting of unarmed persons was the moving force behind the shooting of JAKOB OSUNA on September 28, 2020.

59. At all times herein mentioned, actions of excessive use of force, were and are, protected by superiors at the San Bernardino Sheriff's Station who make sure they are not disciplined or face any consequences for their actions.

60. At all times herein mentioned, Deputies employed by Defendants COUNTY and its SBSD were, and are regularly deploying excessive force. Deputies

employed by Defendants COUNTY and SBSD used excessive force on persons who were unarmed and/or did not represent a threat to life or of serious bodily injury as identified below. These incidents did not result in discipline and were a moving force in Defendants Does 1-10 excessive force shooting of JAKOB OSUNA, who had shot 7 people, be fired. Plaintiffs are informed and believe and thereon allege that there was no discipline for this incident prior to the shooting of JAKOB OSUNA.

61. The actions of each of Defendants Does 1-10 were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities, and therefore warrants the imposition of exemplary and punitive damages as to Defendants Does 1-10.

62. By reason of the acts and omissions of Defendants Sheriff MCMAHON, COUNTY and Does 1-10, Plaintiffs were caused to incur damages as stated elsewhere herein.

63. By reason of the acts and omissions of Defendants COUNTY and Does 1-10, Plaintiffs have suffered loss of love, companionship, affection, comfort, care, society, and future support.

64. Accordingly, Defendants COUNTY and Does 1-10 each are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

65. Plaintiffs seek both wrongful death damages and survival damages under this claim. Plaintiffs further claim all of Plaintiffs' attorneys' fees and costs incurred and to be incurred in Plaintiffs presenting, maintaining and prosecuting this action under 42 U.S.C. Section 1988.

**FIFTH CAUSE OF ACTION**

**FOR BATTERY CAUSING WRONGFUL DEATH**

**(Cal. Govt. Code §815; 820 And California Common Law)**

**(By Plaintiffs JUAN BOGARIAN and PEARL OSUNA, Individually and As Successors In Interest to JAKOB OSUNA Jr., Against Individual Doe Deputies, COUNTY, and Does 6-10)**

66.     Plaintiffs repeat and re-allege each allegation in all the preceding paragraphs of this Complaint with same force and effect as if fully set forth herein.

67.     Defendants DOES 1 through 10, inclusive, while working as deputies for COUNTY OF SAN BERNARDINO, and acting within the course and scope of their duties, intentionally shot DECEDENT JAKOB OSUNA. Defendants DOES 1 through 10, inclusive had no legal justification for using force against DECEDENT and the use of force was excessive and unreasonable.

68.     At all times herein mentioned, law enforcement officers in California were only allowed to use reasonable force to effect an arrest, prevent escape or overcome resistance. Defendants DOES 1 through 10, inclusive committed an unconsented touching of DECEDENT and battered him when they used unreasonable and excessive deadly force when they shot DECEDENT to death.

69.     As a direct and proximate result of the actions of Defendants, Plaintiffs JUAN BOGARIAN and PEARL OSUNA suffered the loss of their son, DECEDENT JAKOB OSUNA, including damages for the loss of DECEDENT's life-long love, companionship, comfort, care, assistance, protection, affection, society, moral support, training and guidance; loss of financial support, sustenance and earning capacity; loss of gifts and benefits; funeral and burial expenses; loss of the reasonable value of household services; loss of relationship with DECEDENT, including loss of society and companionship and all other damages allowed under state law, including under California's "Wrongful Death,, statue, <u>California Code of Civil Procedure</u> Section 377.60, et seq. and CACI 3921 "Wrongful Death (Death of an Adult),,.

70.     Defendant COUNTY OF SAN BERNARDINO is vicariously liable for the wrongful acts of Defendants DOES 1 through 10, inclusive, pursuant to section 815.2(a) and 820 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's acts would subject him or her to liability. Plaintiffs JAKOB OSUNASR. and PEARL OSUNA bring their claim each individually as an

heir at law of DECEDENT in wrongful death and as successor-in-interest to the DECEDENT and to The ESTATE OF JAKOB OSUNA, and in each case, seeks both survival and wrongful death damages for the violation of DECEDENT's rights.

71. The conduct of Defendants DOES 1 through 10, inclusive, was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiffs and DECEDENT, entitling Plaintiffs JUAN BOGARIAN and PEARL OSUNA in each case individually and as a successors-in-interest to Decedent, to an award of exemplary and punitive damages as to Defendants and DOES 1 through 10, inclusive.

**SIXTH CAUSE OF ACTION**

**FOR NEGLIGENCE CAUSING WRONGFUL DEATH**

**(By Plaintiffs JUAN BOGARIAN and PEARL OSUNA, Individually and As Successors In Interest to JAKOB OSUNA Jr., Against Individual DoE Deputies, COUNTY and Defendants Does 1-10)**

72. Plaintiffs repeat and re-allege each allegation in all the preceding paragraphs of this Complaint with same force and effect as if fully set forth herein.

73. The actions and inactions of Defendants, including the actions of Defendants DOES 1 through 10, inclusive, were negligent and reckless. At all times herein mentioned, among other things, Defendants DOES 1 through 10, inclusive owed a duty to follow California law that provides that "Law enforcement personnel's tactical conduct and decisions preceding the use of deadly force are relevant considerations under California law in determining whether the use of deadly force gives rise to negligence liability. Such liability can arise, for example, if the tactical conduct and decisions show, as part of the totality of circumstances, that the use of deadly force was unreasonable." Defendants DOES 1 through 10, inclusive, breached their duty and were negligent and unreasonable in their actions and inactions which included but are not limited to:

A. The failure to properly and adequately assess the need to detain, arrest, and use force or deadly force against DECEDENT JAKOB OSUNA;

B. The negligent tactics and handling of the situation with DECEDENT JAKOB OSUNA, including pre-shooting negligence;

C. The failure to use alternative means to take into custody including, but not limited to, time, space, verbalization, commands, hands on grappling, non-deadly impact weapons, less-than-lethal weapons and less-than-lethal force;

D. The negligent detention, arrest, and use of force, including deadly force, against DECEDENT JAKOB OSUNA;

E. The failure to provide prompt medical care to DECEDENT JAKOB OSUNA;

F. The failure to properly train and supervise employees, both professional and non-professional, including Defendants DOES 1 through 10, inclusive, including, but not limited to the failure to train to follow the SBSD Manual of Policies and Procedures;

G. The failure to ensure that adequate numbers of employees with appropriate education and training were available to meet the needs of and protect the rights of DECEDENT JAKOB OSUNA; and

H. The violation of Defendant SBSD Department Manual of Policies, Procedures and training regarding foot pursuits, tactics and use of force; violation of other portions of the Manual, tactics and training and the failure to follow Police Officer Standards and Training (POST) guidelines and learning domains in regard to foot pursuits, tactics and use of force.

74. As a direct and proximate result of Defendants' conduct as alleged above, and other undiscovered negligent conduct, DECEDENT was caused to suffer severe pain and suffering and ultimately died and lost earning capacity.

75. As a direct and proximate result of the actions of Defendants, Plaintiffs JUAN BOGARIAN and PEARL OSUNA suffered the loss of their son, DECEDENT JAKOB OSUNA, including damages for the loss of DECEDENT's life-long love, companionship, comfort, care, assistance, protection, affection, society, moral support, training and guidance; loss of financial support, sustenance and earning capacity; loss of gifts and benefits; funeral and burial expenses; loss of the reasonable value of household services; loss of relationship with Decedent, including loss of society and companionship and all other damages allowed under state law, including under California's "Wrongful Death,, statue, California Code of Civil Procedure Section 377.60, et seq. and CACI 3921 "Wrongful Death (Death of an Adult).,,

76. The COUNTY is vicariously liable for the wrongful acts of Defendants and DOES 1 through 10, inclusive, pursuant to sections 815.2(a) and 820 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

77. The conduct of Defendants DOES 1 through 10, inclusive, was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiffs and DECEDENT, entitling Plaintiffs, individually and as successor-in-interest to DECEDENT, to an award of exemplary and punitive damages as to individual Defendants and DOES 1 through 10, inclusive.

78. Plaintiffs JUAN BOGARIAN and PEARL OSUNA bring their claim, individually as heirs at law of DECEDENT in wrongful death and as successors-in-interest to the DECEDENT and to The ESTATE OF JAKOB OSUNA, and in each case, seek both survival and wrongful death damages for the violation of DECEDENT's rights.

///

**SEVENTH CAUSE OF ACTION**

**VIOLATION OF CALIFORNIA CIVIL CODE SECTION 52.1**

**(Tom Bane Act Violations)**

**(By Plaintiffs JUAN BOGARIAN and PEARL OSUNA, Individually and As Successors In Interest to JAKOB OSUNA Jr., Against Individual Doe Deputies Defendants COUNTY, and Does 1-10)**

79. Plaintiffs repeat and re-allege each allegation in all the preceding paragraphs of this Complaint with same force and effect as if fully set forth herein.

80. This action is brought pursuant to section 52.1 of the California Civil Code. The present action is also brought pursuant to section 820 and 815.2 of the Government Code. Pursuant to section 820 of the California Government Code, as a public employee, Defendants DOES 1 through 10, inclusive, are liable for injuries caused by their acts or omissions to the same extent as a private person.

81. At all times mentioned herein, Defendants DOES 1 through 10, inclusive, were acting within the course and scope of their employment and/or agency with defendant COUNTY OF SAN BERNARDINO. As such defendant COUNTY OF SAN BERNARDINO is liable in respondent superior for the injuries caused by the acts and omissions of Defendants DOES 1 through 10, inclusive, pursuant to section 815.2 of the California Government Code.

82. Upon information and belief, on September 28, 2020, JAKOB OSUNA was surrendering to Defendants DOES 1 through 10, inclusive. Upon information and belief, JAKOB OSUNA was also unarmed when he was surrendering to Defendant DOES 1 through 10, inclusive.

83. Instead of lawfully carrying out their duties, Defendants DOES 1 through 10, inclusive, interfered with JAKOB OSUNA's right, as guaranteed by the Constitution, to be free from unreasonable searches and seizures by threat, intimidation, and coercion by shooting and killing JAKOB OSUNA when JAKOB

OSUNA did not present an imminent threat of death of serious bodily injury to the deputies or the public.

84. Up to the actual shooting of JAKOB OSUNA on September 28, 2020, Instead of lawfully carrying out their duties, Defendants DOES 1 through 10, inclusive, also attempted to interfere with JAKOB OSUNA's right, as guaranteed by the Constitution, to be free from unreasonable searches and seizures by threat, intimidation, and coercion by shooting and killing JAKOB OSUNA when JAKOB OSUNA did not present an imminent threat of death of serious bodily injury to the deputies or the public.

85. DECEDENT JAKOB OSUNA was subjected to excessive force by Defendants DOES 1 through 10, inclusive, in the form of gunshots fired by said defendants which struck JAKOB OSUNA and caused him serious personal injuries from which he eventually died. The shooting was unreasonable and unwarranted as the circumstances under which the shooting occurred did not require the use of any force whatsoever. As an unreasonable use of force, the shooting constituted a violation of JAKOB OSUNA constitutional rights against unreasonable searches and seizures protected by the Constitution of the State of California.

86. All the above acts and omissions of Defendants DOES 1 through 10, inclusive were made with the intention to interfere with JAKOB OSUNA's rights in the form of threats, intimidation, and coercion.

87. All the above acts and omissions of Defendants DOES 1 through 10, inclusive were willful, wanton, malicious and oppressive thereby justifying the awarding of exemplary and punitive damages to Plaintiffs as to said defendants.

88. As a proximate result of the acts of Defendants DOES 1 through 10, inclusive, JAKOB OSUNA suffered multiple gunshot wounds which caused him severe injuries from which he eventually died.

89. The above acts of defendants violated JAKOB OSUNA's civil rights as protected by section 52.1 of the Civil Code.

90. As such, Plaintiffs are both entitled to compensatory damages according to proof, including those permitted by Section 52 of the Civil Code, punitive and exemplary damages, the costs of suit incurred in this action, reasonable attorney's fees as permitted by the Civil Code section 51.7 and 52, and any other additional relief that the court deems proper.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs requests entry of judgment in their favor and against Defendants as follows:

A. For compensatory damages, for wrongful death including damages for the loss of Decedent's life-long love, companionship, comfort, care, assistance, protection, affection, society; moral support; and the loss of relationship with Decedent, including loss of society, familial relationship and companionship in an amount according to proof at the time of trial;

B. For compensatory damages, for Survival for the mental, physical and emotional pain and suffering of Decedent in an amount according to proof at the time of trial;

C. For loss of financial support, sustenance and earning capacity in an amount according to proof at the time of trial;

D. For loss of gifts and benefits in an amount according to proof at the time of trial;

E. For punitive damages against the individual defendants in an amount to be proven at trial;

F. For interest;

G. For reasonable costs of this suit and attorneys' fees, including pursuant to 42 U.S.C. § 1988;

H. For reasonable costs of this suit and attorneys' fees, including pursuant to the Tom Bane Act and other state statutes;

I. For all other damages allowed under federal and state law and;

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO**

JUAN BOGARIAN, et al.

Case No.: CIV SB 2119808

vs.

**CERTIFICATE OF ASSIGNMENT**

COUNTY OF SAN BERNARDINO, et al.

A civil action or proceeding presented for filing must be accompanied by this Certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the Civil Division - San Bernardino District of the Superior Court under Rule131 and General Order of this court for the checked reason:

☒ General ☐ Collection

FAXED

| | Nature of Action | Ground |
|---|---|---|
| ☐ | 1. Adoption | Petitioner resides within the district |
| ☐ | 2. Conservator | Petitioner or conservatee resides within the district. |
| ☐ | 3. Contract | Performance in the district is expressly provided for. |
| ☐ | 4. Equity | The cause of action arose within the district. |
| ☐ | 5. Eminent Domain | The property is located within the district. |
| ☐ | 6. Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 7. Guardianship | Petitioner or ward resides within the district or has property within the district. |
| ☐ | 8. Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 9. Mandate | The defendant functions wholly within the district. |
| ☐ | 10. Name Change | The petitioner resides within the district. |
| ☒ | 11. Personal Injury | The injury occurred within the district. |
| ☐ | 12. Personal Property | The property is located within the district. |
| ☐ | 13. Probate | Decedent resided or resides within or had property within the district. |
| ☐ | 14. Prohibition | The defendant functions wholly within the district. |
| ☐ | 15. Review | The defendant functions wholly within the district. |
| ☐ | 16. Title to Real Property | The property is located within the district. |
| ☐ | 17. Transferred Action | The lower court is located within the district. |
| ☐ | 18. Unlawful Detainer | The property is located within the district. |
| ☐ | 19. Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| ☐ | 20. Other ______ | |
| ☐ | 21. THIS FILING WOULD | NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designed district is:

NAME – INDICATE TITLE OR OTHER QUALIFYING FACTOR: ______

ADDRESS: 12600 block of Stage Coach Drive

CITY: Victorville STATE: CA ZIP CODE: 92392

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on 07/08/21 at Montebello, California.

______
*Signature of Attorney/Party*

# EXHIBIT B

EPR

SUM-100

**SUMMONS**
**(CITACION JUDICIAL)**

CLERK OF THE BOARD OF SUPERVISORS

2021 AUG 19 PM 3:00

COUNTY OF SAN BERNARDINO

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

JUL - 9 2021

BY Anne Perry
ANNE PERRY, DEPUTY

**NOTICE TO DEFENDANT:**
***(AVISO AL DEMANDADO):***

COUNTY OF SAN BERNARDINO, a legal subdivision of the State of California; SHERIFF JOHN MCMAHON, and DOES 1 through 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):***

JUAN BOGARIAN, PEARL OSUNA
Individually, and as Successors in Interest to JAKOB OSUNA

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

***¡AVISO!*** *Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court, County of San Bernardino
San Bernardino Justice Center - Civil Division
247 West 3rd St., San Bernardino, CA 92415

CASE NUMBER: *(Número del Caso):* CIV SB 2119000

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Humberto Guizar, GUIZAR, HENDERSON & CARRAZCO, 3500 W. Beverly Blvd., Montebello, CA 90640

DATE: *(Fecha)* JUL 27 2021 Clerk, by *(Secretario)* Anne Perry, Deputy *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

COPY

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☒ on behalf of *(specify)*: County of San Bernardino, a legal subdivision of the State of California

under:
☐ CCP 416.10 (corporation)
☐ CCP 416.20 (defunct corporation)
☐ CCP 416.40 (association or partnership)
☐ CCP 416.60 (minor)
☐ CCP 416.70 (conservatee)
☐ CCP 416.90 (authorized person)
☒ other *(specify)*: CCP416.50

4. ☒ by personal delivery on *(date)*: 8-19-2021

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Exhibit B, Page 000033

# EXHIBIT C

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Humberto Guizar, Esq. SBN: 125769
GUIZAR, HENDERSON & CARRAZCO, L.L.P.
3500 W. Beverly Blvd.
Montebello, CA 90640
TELEPHONE NO.: (323) 725-1151 FAX NO.: (323) 597-0101
ATTORNEY FOR (Name): Plaintiff, JUAN BOGARIAN, et al.

FOR COURT USE ONLY

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT
JUL - 9 2021
BY ANNE PERRY, DEPUTY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO
STREET ADDRESS: 247 West 3rd St.
MAILING ADDRESS: same as above
CITY AND ZIP CODE: San Bernardino, CA 92415
BRANCH NAME: San Bernardino Justice Center - Civil Division

CASE NAME:
BOGARIAN v. COUNTY OF SAN BERNARDINO, et al.

**CIVIL CASE COVER SHEET**

☑ Unlimited (Amount demanded exceeds $25,000) ☐ Limited (Amount demanded is $25,000 or less)

**Complex Case Designation**
☐ Counter ☐ Joinder
Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: CIV SB 2119808
JUDGE:
DEPT:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☑ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply)*: a. ☑ monetary b. ☐ nonmonetary; declaratory or injunctive relief c. ☐ punitive
4. Number of causes of action *(specify)*: Seven (7)
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 07/08/21
Humberto Guizar
(TYPE OR PRINT NAME)
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]
CIVIL CASE COVER SHEET
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

Exhibit C, Page 000035

CM-010

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
- Auto (22)–Personal Injury/Property Damage/Wrongful Death
- Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
- Asbestos (04)
  - Asbestos Property Damage
  - Asbestos Personal Injury/ Wrongful Death
- Product Liability *(not asbestos or toxic/environmental)* (24)
- Medical Malpractice (45)
  - Medical Malpractice– Physicians & Surgeons
  - Other Professional Health Care Malpractice
- Other PI/PD/WD (23)
  - Premises Liability (e.g., slip and fall)
  - Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  - Intentional Infliction of Emotional Distress
  - Negligent Infliction of Emotional Distress
  - Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
- Business Tort/Unfair Business Practice (07)
- Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
- Defamation (e.g., slander, libel) (13)
- Fraud (16)
- Intellectual Property (19)
- Professional Negligence (25)
  - Legal Malpractice
  - Other Professional Malpractice *(not medical or legal)*
- Other Non-PI/PD/WD Tort (35)

**Employment**
- Wrongful Termination (36)
- Other Employment (15)

**Contract**
- Breach of Contract/Warranty (06)
  - Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  - Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  - Negligent Breach of Contract/ Warranty
  - Other Breach of Contract/Warranty
- Collections (e.g., money owed, open book accounts) (09)
  - Collection Case–Seller Plaintiff
  - Other Promissory Note/Collections Case
- Insurance Coverage *(not provisionally complex)* (18)
  - Auto Subrogation
  - Other Coverage
- Other Contract (37)
  - Contractual Fraud
  - Other Contract Dispute

**Real Property**
- Eminent Domain/Inverse Condemnation (14)
- Wrongful Eviction (33)
- Other Real Property (e.g., quiet title) (26)
  - Writ of Possession of Real Property
  - Mortgage Foreclosure
  - Quiet Title
  - Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
- Commercial (31)
- Residential (32)
- Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
- Asset Forfeiture (05)
- Petition Re: Arbitration Award (11)
- Writ of Mandate (02)
  - Writ–Administrative Mandamus
  - Writ–Mandamus on Limited Court Case Matter
  - Writ–Other Limited Court Case Review
- Other Judicial Review (39)
  - Review of Health Officer Order
  - Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
- Antitrust/Trade Regulation (03)
- Construction Defect (10)
- Claims Involving Mass Tort (40)
- Securities Litigation (28)
- Environmental/Toxic Tort (30)
- Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
- Enforcement of Judgment (20)
  - Abstract of Judgment (Out of County)
  - Confession of Judgment *(non-domestic relations)*
  - Sister State Judgment
  - Administrative Agency Award *(not unpaid taxes)*
  - Petition/Certification of Entry of Judgment on Unpaid Taxes
  - Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
- RICO (27)
- Other Complaint *(not specified above)* (42)
  - Declaratory Relief Only
  - Injunctive Relief Only *(non-harassment)*
  - Mechanics Lien
  - Other Commercial Complaint Case *(non-tort/non-complex)*
  - Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
- Partnership and Corporate Governance (21)
- Other Petition *(not specified above)* (43)
  - Civil Harassment
  - Workplace Violence
  - Elder/Dependent Adult Abuse
  - Election Contest
  - Petition for Name Change
  - Petition for Relief From Late Claim
  - Other Civil Petition

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:<br>E-MAIL ADDRESS:<br>ATTORNEY FOR (Name):<br>FAX NO. (Optional): | TRIAL SETTING CONFERENCE DATE: ____________<br>*UNLIMITED CASE:* ____<br>LIMITED CASE: ____ | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO** | | |
| COURTHOUSE ADDRESS: | | |
| PLAINTIFF: | | |
| DEFENDANT: | | |
| **INITIAL TRIAL SETTING CONFERENCE STATEMENT** | | CASE NUMBER: |

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided. <u>This document must be filed and served at least 15 days prior to the trial setting conference date.</u>**

1. **Party or parties** (answer one):
   a. ☐ This statement is submitted by party (*name)*:
   b. ☐ This statement is submitted jointly by parties (*names*):

2. **Service of Complaint** on all parties has ☐ has not ☐ been completed.

3. ***Service of Cross-Complaint** on all parties has ☐ has not ☐ been completed.*

4. **Description of case** in Complaint:

5. **Description of case** in Cross-Complaint:

6. Has all discovery been completed: Yes ☐ No ☐ Date discovery anticipated to be completed: ____________

7. Do you agree to mediation? Yes ☐ No ☐ Please check type agreed to: Private: _____ Court-sponsored: _____

8. **Related cases, consolidation, and coordination**: Please attach a Notice of Related Case.

   ☐ A motion to ☐ consolidate ☐ **Trial dates requested: Yes** ☐ No ☐ Available dates: ______________
   Time estimate: ________

9. **Other issues:**
   ☐ The following additional matters are requested to be considered by the Court:

10. **Meet and Confer:**
    ☐ The parties represent that they have met and conferred on all subjects required by California Rules of Court, Rule 3.724.

    ☐ The parties have entered into the following stipulation(s):

11. Total number of pages attached (*if any*): ____

    I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the Initial Trial Setting Conference, including the written authority of the party where required.
    Date: ____________

| ______________________ | ______________________ |
|---|---|
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY |
| ______________________ | ______________________ |
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY |

# EXHIBIT D



**SUPERIOR COURT OF CALIFORNIA,
COUNTY OF SAN BERNARDINO**
San Bernardino District
247 West 3rd St
San Bernardino CA 92415
www.sb-court.org
909-708-8678

| Bogarian et al -v- County of San Bernardino et al | |
|---|---|
| **NOTICE OF TRIAL SETTING CONFERENCE and NOTICE OF CASE ASSIGNMENT** | Case Number<br>CIVSB2119808 |

Guizar Henderson & Carrazco LLP
3500 West Beverly Blvd
Montebello CA 90640

This case has been assigned to: Gilbert Ochoa in Department S24 - SBJC for all purposes.

Notice is hereby given that the above-entitled case has been set for Trial Setting Conference on:

Hearing Date: 01/27/2022 at 9:00 AM in Department S24 - SBJC

The Trial Setting Conference will be held in chambers without the appearance of the parties – except for good cause shown. (see Emergency Local Rule 411.1).

Parties shall file and serve no later than 15 days prior to the trial setting conference the mandatory Initial Trial Setting Conference Statement form (local form #13-09001-360) included with this notice. Prior to the date of the initial trial setting conference, the court may entertain a written stipulation by all appearing parties to continue the initial trial setting conference if filed at least 30 days prior to the conference.

Date: 7/27/2021

Nancy CS Eberhardt, Court Executive Officer

By: ______________________
Anne Perry, Deputy Clerk

---

CERTIFICATE OF SERVICE

I am a Deputy Clerk of the Superior Court for the County of San Bernardino at the above-listed address. I am not a party to this action and on the date and place shown below, I served a copy of the above-listed notice by:

☐ Enclosed in a sealed envelope mailed to the interested party addressed above for collection and mailing this date, following standard Court practices.
☑ Enclosed in a sealed envelope, first class postage prepaid in the U.S. mail at the location shown above, mailed to the interested party and addressed as shown above or as shown on the attached listing.
☐ A copy of this notice was given to the filing party at the counter.
☐ A copy of this notice was placed in the bin located at this office and identified as the location for the above law firm's collection of file-stamped documents.

Date of Mailing: 7/27/2021

I declare under penalty of perjury that the forgoing is true and correct. Executed on 7/27/2021 at San Bernardino, CA.

By: ______________________
Anne Perry, Deputy Clerk

# EXHIBIT E

Eugene P. Ramirez (State Bar No. 134865)
*epr@manningllp.com*
Lynn Carpenter (State Bar No. 310011)
*llc@manningllp.com*
Steven A. McNicholl (State Bar No. 323191)
*sam@manningllp.com*
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendants COUNTY OF SAN BERNARDINO and SHERIFF JOHN MCMAHON

NO FILING FEES REQUIRED
Government Code §6103

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT
SEP 03 2021
BY JOVANNA LEANDRO, DEPUTY

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF SAN BERNARDINO**

JUAN BOGARIAN, PEARL OSUNA, Individually, and as Successors in Interest to JAKOB OSUNA.

Plaintiffs,

v.

COUNTY OF SAN BERNARDINO, a legal subdivision of the State of California; SHERIFF JOHN MCMAHON, and DOES 1 through 10, inclusive,

Defendants.

Case No. CIVSB2119808

**ANSWER OF DEFENDANTS TO PLAINTIFFS' COMPLAINT: DEMAND FOR JURY TRIAL**

Complaint Filed: July 9, 2021

Filing Fee in the amount of $ 310.00
Waived (G.C. §§6103-6103.5, 68630-68640)

Defendants COUNTY OF SAN BERNARDINO and SHERIFF JOHN MCMAHON (herein after collectively referred to as "Defendants") hereby Answers Plaintiffs' Complaint on file herein (filed August 19, 2021) – (hereinafter referred to as the "Complaint") and defendants hereby admit, deny, and allege as follows:

**ANSWER.**

1. Pursuant to Code of Civil Procedure section 431.30, Defendants deny generally and specifically each and every allegation in the Complaint and deny liability as to each and every cause

of action alleged therein. Defendants further deny that plaintiffs have been damaged in the sum alleged in the Complaint, or any other sum, or at all, by any named defendants' actions or omissions.

2. Further answering plaintiffs' Complaint on file herein, and the whole thereof, the answering Defendants deny that the plaintiffs have sustained any injury, damage, or loss, if any, by reason of any act or omission on the part of the answering Defendants for which Defendants may be liable. To the extent plaintiffs assert any other claims or contentions not specifically addressed herein above, Defendants generally and specifically deny each and every remaining allegation and/or claim.

## AFFIRMATIVE DEFENSES

3. As separate and affirmative defenses, Defendants allege as follows:

### FIRST AFFIRMATIVE DEFENSE

**(Statute of Limitations)**

4. Plaintiffs' Complaint, and each alleged cause of action in it, fails to state a claim upon which relief can be granted.

5. Plaintiffs' Complaint also fails to state a claim against any defendant in this action.

6. Plaintiffs' claims are time-barred by the operative statute(s) of limitations (including, but not limited to, California Code of Civil Procedure § 335.1).

### SECOND AFFIRMATIVE DEFENSE

**(Tort Claims Act Violation)**

7. This action is barred by the plaintiffs' failure to comply with the government tort claims presentation requirements, California Government Code § 900, *et seq.*, including but not limited to §§ 900, 900.4, 901, 905, 905.2, 910, 911, 911.2, 911.4, 945.4, 945.6, 946.6, 950.2, and 950.6, to the extent applicable.

8. The Complaint is barred based on plaintiffs' failure to exhaust administrative remedies prior to filing this lawsuit.

9. Plaintiffs' recovery is barred for failure to timely comply with the provisions of the claims statutes, including, but not limited to California Government Code §§ 901, 905, 905.2, 911.2, 945.4, 945.6, 950.2.

MANNING & KASS ELLROD, RAMIREZ, TRESTER LLP ATTORNEYS AT LAW

2

Exhibit E, Page 000042

DEFTS' ANSWER TO PLTFS' COMPLAINT: DEMAND FOR JURY TRIAL

10. Plaintiffs' recovery is barred because the causes of action stated in the complaint do not correspond with the legal claims asserted in plaintiffs' written claim. The Complaint thereby alleges legal bases for recovery which are not fairly reflected in the written claim.

**THIRD AFFIRMATIVE DEFENSE**

**(Waiver, Estoppel, Unclean Hands)**

11. Defendants allege that plaintiffs' action is barred by reason of conduct, actions and inactions of plaintiff(s) which amount to and constitute a waiver of any right plaintiff(s) may or might have had in reference to the matters and things alleged in the Complaint, or that otherwise estop plaintiffs from recovery in this action, including but not limited to the doctrine of unclean hands.

**FOURTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate Damages)**

12. Plaintiffs' claims are barred or limited to the extent plaintiffs failed to mitigate plaintiffs' injuries or damages, if there were any. Plaintiffs have failed to mitigate the damages, if any, which plaintiffs have sustained, and to exercise reasonable care to avoid the consequences of harms, if any, in that, among other things, plaintiffs have failed to use reasonable diligence in caring for any injuries, failed to use reasonable means to prevent aggravation of any injuries and failed to take reasonable precautions to reduce any injuries and damages.

**FIFTH AFFIRMATIVE DEFENSE**

**(Contributory and/or Comparative Liability)**

13. Plaintiffs' claims are barred or limited by plaintiffs' contributory/comparative negligence or other conduct, acts, or omissions, and to the extent any plaintiff suffered any injury or damages, it was the result of plaintiffs' own negligent or deliberate actions or omissions.

14. Plaintiffs' recovery is barred because any injury or damage suffered by plaintiff(s) was caused solely by reason of the plaintiffs' wrongful acts and conduct and the willful resistance to a peace officer in the discharge of their duties. The conduct set forth in the Complaint, if and to the extent it occurred, was privileged and justified and done with a good faith belief that it was correct and no action may be taken against the answering defendants on account of such conduct.

**SIXTH AFFIRMATIVE DEFENSE**

**(Public Entity/Employee Immunity for Others' Torts)**

15. Plaintiffs' recovery is barred because public entities and employees are immune from liability for any injury caused by the act or omission of another person. Gov. Code §§ 815 *et seq.*, 820.2 *et seq.*

16. The answering Defendants are informed and believes and thereon allege that if plaintiff sustained any injury or damages, such injury or damages was solely caused or contributed to by the wrongful conduct of other defendants and/or entities or persons other than the answering defendant. To the extent that plaintiffs' damages were so caused, any recovery by plaintiffs as against the answering defendants should be subject to proportionately comparative equitable indemnity/contribution from such third parties.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Public Entity/Employee Immunity for Discretionary Acts)**

17. There is no liability for any injury or damages, if any there were, resulting from an exercise of discretion vested in a public employee, whether or not such discretion be abused. Gov. Code § 815.2, 820.2, 820.4, 820.8, 820 *et seq*.

18. Plaintiffs' recovery is barred because public entities and employees are immune from liability for discharging their mandatory duties with reasonable diligence.

19. A public employee may not be held liable for injuries or damages, if any, caused by failure to adopt or by adoption of an enactment or by failure to enforce an enactment and/or law, for an injury caused by his issuance, denial, suspension or revocation or by his failure or refusal to issue, deny, suspend or revoke, any permit, license, certificate, approval, order, or similar authorization, where he is authorized by enactment to determine whether or not such authorization should be issued, denied, suspended or revoked, pursuant to Government Code §§ 818.2, 818.4, 818.8, 821 and 821.2. Based thereon, each of the answering defendants are immune from liability for any injuries claimed by plaintiffs, herein.

20. Defendants are immune for any detriment resulting from any of its actions or omissions at the time of the incident of which plaintiffs complain pursuant to Government Code §

MANNING & KASS ELLROD, RAMIREZ, TRESTER LLP ATTORNEYS AT LAW

810 *et seq*., 815 *et seq*., 820 *et seq*., and 845 *et seq*., including, but not limited to, §§ 810, 810.2, 810.4, 810.6, 810.8, 811, 811.2, 811.4, 811.6, 811.8, 820.6, 820.8, 821, 821.2, 821.4, 821.6, 821.8, 822.2, 830.5, 830.6, 835.4, 844.6, and Government Code §§ 854, *et seq*., including, but not limited to, §§ 845.6, 854.6, 854.8(a)(2), and §§ 855.4, 855.6, 855.8 and 856.4.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Public Entity Immunity)**

21. To the extent that the Complaint attempts to predicate liability upon any public entity defendants or any employees thereof for purported negligence in retention, hiring, employment, training, or supervision of any public employee, such liability is barred by Government Code sections 815.2 and 820.2 and *Herndon v. County of Marin* (1972) 25 Cal. App. 3d 933, 935, 936, *rev'd on other grounds by Sullivan v. County of Los Angeles* (1974) 12 Cal.3d 710; and by the lack of any duty running to any plaintiff; by the fact that any such purported act or omission is governed exclusively by statute and is outside the purview of any public employees' authority; and by the failure of any such acts or omissions to be the proximate or legal cause of any injury alleged in the Complaint. *See de Villers v. County of San Diego*, 156 Cal.App.4th 238, 251-253, 255-256 (2007).

22. Defendants may not be held liable on a *respondeat superior* theory for any negligent or wrongful act or omission on the part of any subordinate. Cal. Government Code §§ 844.6, 845.6; Cal. Civil Code § 2351; *Malloy v. Fong* (1951) 37 Cal.2d 356, 378-379; *Monell v. Department of Social Services of the City of New York* (1978) 436 U.S. 658; *Larez v. City of Los Angeles* (9th Cir. 1991) 946 F.2d 630, 645-646; *cf. City of Canton v. Harris*, 489 U.S. 378, 388-389 (1989); *City of Los Angeles v. Heller*, 475 U.S. 796 (1986).

**NINTH AFFIRMATIVE DEFENSE**

**(Assumption of Risk)**

23. At the time and place referred to in the Complaint, and before such event, plaintiffs' decedent knew, appreciated, and understood each and every risk involved in placing himself in the position which plaintiffs' decedent then assumed, and willingly, knowingly and voluntarily assumed each of such risks, including, but not limited to, the risk of suffering personal bodily injury, lawful deprivation of right(s), or death.

MANNING & KASS ELLROD, RAMIREZ, TRESTER LLP ATTORNEYS AT LAW

**TENTH AFFIRMATIVE DEFENSE**

**(Qualified Immunity & Good Faith Immunity)**

24. Defendants, and their peace officer employees, at all times relevant to this action acted reasonably and prudently under the circumstances. Defendants therefore assert Qualified Immunity from liability to the fullest extent applicable.

25. Defendant(s) is/are immune from liability under the Federal Civil Rights Act because they acted in good faith with an honest and reasonable belief that their actions were necessary and appropriate. Defendant(s) is/are immune from liability under the Federal Civil Rights Act because a reasonable police officer could believe that his acts and conduct were appropriate. Defendant(s) is/are immune from liability under the Federal Civil Rights Act because their conduct did not violate clearly established constitutional rights of which a reasonable person would have known.

26. At all relevant times, Defendant(s) acted within the scope of discretion, with due care, and good faith fulfillment of responsibilities pursuant to applicable statutes, rules and regulation, within the bounds of reason, and with the good faith belief that their actions comported with all applicable federal and state laws.

**RESERVATION OF AFFIRMATIVE DEFENSES**

27. Because the Complaint is couched in vague and conclusory terms, Defendants cannot fully anticipate all affirmative defenses that may be applicable to this action. Accordingly, Defendants hereby reserve the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, and/or to withdraw affirmative defenses as may be appropriate. The assertion of any of the foregoing is not intended and shall not be construed as any stipulation regarding any shifting of the burden of proof to any defendants regarding any plaintiffs' claims, or elements thereof.

//

**PRAYER FOR RELIEF**

WHEREFORE, the answering Defendants pray as follows:

1. That Plaintiffs take nothing by this action;

2. That Defendants be awarded attorneys' fees and costs of this suit and costs of proof; and

3. That Defendants be awarded such other relief as the Court deems just.

DATED: September 3, 2021

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**

By: /s/ Steven McNicholl
Eugene P. Ramirez, Esq.
Lynn L. Carpenter, Esq.
Steven A. McNicholl, Esq.
Attorneys for Defendants COUNTY SAN BERNARDINO and SHERIFF JOHN MCMAHON

MANNING & KASS ELLROD, RAMIREZ, TRESTER LLP ATTORNEYS AT LAW

**DEMAND FOR JURY TRIAL**

Defendants hereby demand a trial before a jury on all issues presented by Plaintiffs' operative Complaint that are or may be triable to a jury.

DATED: September 3, 2021

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**

By: /s/ *Steven McNicholl*

Eugene P. Ramirez, Esq.
Lynn L. Carpenter, Esq.
Steven A. McNicholl, Esq.
Attorneys for Defendants COUNTY OF SAN BERNARDINO and SHERIFF JOHN MCMAHON

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 801 S. Figueroa St, 15th Floor, Los Angeles, CA 90017-3012.

On September 3, 2021, I served true copies of the following document(s) described as **ANSWEROF DEFENDANTS TO PLAINTIFFS' COMPLAINT: DEMAND FOR JURY TRIAL** on the interested parties in this action as follows:

Humberto M. Guizar, Esq.
Email: hguizar@ghclegal.com
Kent M. Henderson, Esq.
Email: hendolaw@gmail.com
Angel Carrazco, Esq.
Email: angel@carrazcolawapc.com
Christian Contreras, Esq.
ccontreras@ghclegal.com
GUIZAR, HENDERSON & CARRAZCO, LLP
3500 W. Beverly Blvd.
Montebello, CA 90640
Telephone: (323) 725-1151
Facsimile: (323) 597-0101
*ATTORNEYS FOR PLAINTIFFS, JUAN BOGARIAN, PEARL OSUNA Individually, and as Successors in Interest to JAKOB OSUNA*

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Manning & Kass, Ellrod, Ramirez, Trester LLP for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope was placed in the mail at Los Angeles, California.

**ONLY BY ELECTRONIC TRANSMISSION:** Only by emailing the document(s) to the persons at the e-mail address(es). This is necessitated during the declared National Emergency due to the Coronavirus (COVID-19) pandemic because this office will be working remotely, not able to send physical mail as usual, and is therefore using only electronic mail. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission. We will provide a physical copy, upon request only, when we return to the office at the conclusion of the National Emergency.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 3, 2021, at Los Angeles, California.

Tisha A. Parry

Tisha Parry

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 801 S. Figueroa St, 15th Floor, Los Angeles, CA 90017-3012.

On September 10, 2021, I served true copies of the following document(s) described as **NOTICE OF REMOVAL OF ACTION BY DEFENDANTS PURSUANT TO 28 U.S.C. § 1441(a) (FEDERAL QUESTION)** on the interested parties in this action as follows:

Humberto M. Guizar, Esq.
Email: hguizar@ghclegal.com
Kent M. Henderson, Esq.
Email: hendolaw@gmail.com
Angel Carrazco, Esq.
Email: angel@carrazcolawapc.com
Christian Contreras, Esq.
ccontreras@ghclegal.com
GUIZAR, HENDERSON & CARRAZCO, LLP
3500 W. Beverly Blvd.
Montebello, CA 90640
Telephone: (323) 725-1151
Facsimile: (323) 597-0101
*ATTORNEYS FOR PLAINTIFFS, JUAN BOGARIAN, PEARL OSUNA Individually, and as Successors in Interest to JAKOB OSUNA*

**ONLY BY ELECTRONIC TRANSMISSION:** Only by emailing the document(s) to the persons at the e-mail address(es). This is necessitated during the declared National Emergency due to the Coronavirus (COVID-19) pandemic because this office will be working remotely, not able to send physical mail as usual, and is therefore using only electronic mail. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission. We will provide a physical copy, upon request only, when we return to the office at the conclusion of the National Emergency.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on September 10, 2021, at Los Angeles, California.

/s/ Sandra Alarcon
Sandra Alarcon

MANNING & KASS
ELLROD, RAMIREZ, TRESTER LLP
ATTORNEYS AT LAW